**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5071-16T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

WILLIAM MCMILLAN, a/k/a
KHALEEL ALLAH,
WILLIAM MCMILLIAN,

    Defendant-Appellant.

_____

Submitted December 12, 2018 – Decided January 4, 2019

Before Judges Alvarez and Nugent.

On appeal from Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 08-03-0388.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Chief Appellate Attorney, of counsel; Shiraz Imran Deen, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant, William McMillan, appeals from an order that denied his petition for post-conviction relief (PCR). We affirm.

After a jury convicted defendant of first-degree murder and two second-degree weapons offenses for shooting his wife through the head, a judge sentenced him to an aggregate term of life imprisonment subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. We affirmed his convictions and sentence on direct appeal but remanded for an ability-to-pay hearing and a determination of jail credits. State v. McMillan, No. A-2643-11 (App. Div. Nov. 10, 2015). On remand, the trial court ordered that defendant was not required to pay restitution and determined he was entitled to no jail credits. The Supreme Court denied certification. State v. McMillan, 224 N.J. 528 (2016).

Two months after the Supreme Court denied certification, defendant filed a PCR petition. In a written opinion, Judge James M. Blaney denied the petition without an evidentiary hearing. Defendant appealed. On appeal, he argues:

> THIS MATTER MUST BE REMANDED FOR AN
> EVIDENTIARY HEARING BECAUSE
> DEFENDANT ESTABLISHED A PRIMA FACIE
> CASE OF TRIAL COUNSEL'S INEFFECTIVENESS,
> IN THAT COUNSEL DID NOT ALLOW HIM TO
> PARTICIPATE IN AN ADEQUATE
> PRESENTATION OF HIS DEFENSE AND FAILED

TO INVESTIGATE IN FORMULATING A DEFENSE
STRATEGY.

We affirm, substantially for the reasons expressed by Judge Blaney in his written opinion. We add the following brief comments.

Defendant argues that his trial counsel was ineffective. Specifically, defendant alleges trial counsel failed to consult with him during all stages of his representation; waived defendant's appearance at some court hearings without defendant's consent; failed to request certain discovery; failed to properly investigate the case; and failed to elicit impeaching testimony from a State's witness at trial. Such conclusory assertions are insufficient to establish ineffective assistance of counsel under the standards established by Strickland v. Washington, 466 U.S. 668 (1984) and State v. Fritz, 105 N.J. 42 (1987). See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Defendant's allegations fail to establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694; Fritz, 105 N.J. at 60-61.

Defendant's allegations are without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

3

A-5071-16T2